THOMAS A. McCAULEY, petitioner,

*v.*

HILDEGARDE T. McCAULEY.

[Decided January 26th, 1918.]

1. Exceptions to a master's report in a divorce case should not be directed to specific findings of fact by the master, but should be directed to the single issue, *i. e.*, whether or not the cause for divorce has been proved.

2. Exceptions to a master's report in a divorce case, characterizing the conduct of the master and charging him with dereliction of duty and untruthfulness, are scandalous and, apparently, a contempt of court.

3. It is not illegal in a divorce case to subpœna the defendant to come before the master, nor is it objectionable (though unusual) for the master to take the testimony of the defendant.

4. It appearing from the evidence in this case that the cause for divorce was proved, the defendant is entitled to a decree *nisi.*

5. That both husband and wife are extremely anxious to be divorced does not amount to collusion, defeating a divorce.

On exceptions to master's report.

WALKER, CHANCELLOR.

This is a suit for divorce *ex parte.* The special master has reported adversely and the petitioner excepts.

The master reports favorably on the questions of marriage and residence, but says that the charge of willful, continued and obstinate desertion has not been fully proved, and that, therefore, the petition should be dismissed.

There are eight exceptions in all. There should be but one, and that should be to the effect that the master erred in finding as he did on the question of desertion, because he should have found that the allegation as to willful, continued and obstinate desertion for the statutory period had been fully proved, and that the petitioner was entitled to a divorce for that cause. What the petitioner has done is to except to several specific findings of fact in the master's report, some of which at least are not controlling on the question at issue. Of course, in accounting cases and the like, where there are findings as to specific items and issues, it is proper to aim an exception at each one of them that is objected to; but where there is a single issue, as here, namely, whether or not the cause for divorce has been proved, the exception should be to the general finding—all else is argument.

The eighth and last exception is, for that the master reported that he was satisfied from the testimony that the separation between the parties was more the fault of the petitioner than the defendant, and that since the separation he has not met the requirements of the law in efforts to effect a reconciliation nor shown that his shortcomings, which were the cause of the separation, have been corrected. Under this exception it is averred that the master's report is contrary to law and the evidence, that the petitioner has sustained the allegations of his petition and is entitled to the relief prayed, and that the master should have

so reported. This last averment spells an exception to the report and is of itself sufficient.

Assuming that the separation was more the fault of the petitioner than of the defendant, that does not prevent the desertion becoming one against the will of the petitioner, and, therefore, obstinate.

The second exception is, for that the special master reported that the petitioner had resorted to the rather unusual procedure of having the defendant appear under a subpœna, and goes on to state that he subpœnaed the defendant because the special master demanded that his wife, her mother and wife's sister should be subpœnaed, to which he objected, as to the mother, because she was an old lady and very deaf—not stating why as to the others.

It does not appear in the master's report, or testimony annexed, that the master made any demand that these witnesses be subpœnaed, and, therefore, this matter is not properly before the court. I do not say that it might not be made the subject of evidence upon a rule for the taking of testimony, in analogy to a *certiorari* to bring up outbranches of the record in a case at law; but that is entirely unnecessary in this case, as the question simply is, does the proof attached to the master's report require a finding that the defendant has been guilty of willful, continued and obstinate desertion for the statutory period of two years next before the filing of the petition or not? If so, then the petitioner is entitled to a decree; if not, the petition must be dismissed.

I am minded, however, to say that while it doubtless is unusual, it is not objectionable for a petitioner to subpœna the defendant to testify in a divorce case.

*Schaab* v. *Schaab, 66 N. J. Eq. 334,* was an *ex parte* case for divorce for adultery in which the court of chancery refused a divorce and dismissed the petition and an appeal was taken. In that case the defendant gave evidence under subpœna, and the court of errors and appeals, speaking by Mr. Justice Fort, held, that while a husband or wife is not compellable in an action for divorce for *adultery* to give evidence for the other, except to prove the fact of marriage, that, nevertheless, the parties *may*

testify, and the defendant's testimony appearing to be voluntary, was competent. It will be noticed that there is not such limitation upon the parties giving testimony in *desertion* cases. The master says in this report *sub judice,* that he stated to the defendant that it was unusual for a petitioner to subpœna a defendant and that he would not permit her to testify unless she desired to do so. She did testify, but had the master excluded her he would have erred.

The third exception is, for that the special master reported that in the defendant's testimony she appeared not only willing, but anxious, to assume the responsibility for the separation; that she stated that she left her husband and refused to live with him, and that although he had asked her to return, under no circumstances would she take him back. The petitioner in this exception proceeds to state that this conclusion, drawn by the master, is in accord with all his actions in the case; that the master has misquoted the testimony and in every conceivable manner delayed the cause, and even when ordered by the court had failed to make his report, and that his statement that the defendant appeared anxious to assume the responsibility, is absolutely false and untrue, and that the special master must know that such statement is not true.

These statements in this pleading, characterizing the conduct of the master and charging him with dereliction of duty and untruthfulness, are scandalous, and, apparently, a contempt of court.

*In the Matter of Lechmere Charlton, 2 M. & C. 317,* a barrister addressed to the master of the rolls a letter relating to a matter before him, which contained scandalous statements with respect to the master, and Charlton was adjudged guilty of contempt and punished by the lord chancellor. See, also, *In re Merrill, 88 N. J. Eq. 261.*

It is true that in the *Charlton Case* the matter was still pending before the master when the solicitor acted as he did, but that cannot be a controlling feature, and, in my judgment, it is equally a contempt to scandalize a master in an exception to his report addressed to the court which is asked to review him. Exceptions to the finding of a master are in the nature of an

appeal, and it is a contempt to abuse the court below to an appellate judge. *In re Merrill, supra.*

. This case will be considered as though a proper exception had been taken to the master's finding on the single issue of desertion, and all the specific exceptions, except the last one, which raises the question, will be dismissed. This dismissal will carry with it the animadversions on the master to which reference has just been made, and they will not be noticed further by the court unless the master brings it up and requests that action be taken against the solicitor. It must, or, at least, it ought to be, perfectly apparent to the solicitor, that if the master makes an error in any particular, his finding is not made any the more erroneous by any bias he may have. He is either right or wrong, and that quite irrespective of motive. Hence, it is scandalous to accuse a judge or referee in the case in which he has made a finding, for the purpose of attempting to influence the decision on review in that particular case. It ought to be stated that there is nothing in the record before me which affords any basis for the charges against the master.

The master reports that there is no doubt that after the separation in November, 1914, and up to January, 1915, a period of over one month, the petitioner repeatedly asked the defendant to go back and live with him, but that she refused. The expressions and conduct of the defendant toward the petitioner at and before the time of her leaving him, excused him, in my opinion, from making further efforts to induce her to return, as it appeared that they would be unavailing. *Hall* v. *Hall, 65 N. J. Eq. 709.* And her conduct and expressions corroborate the petitioner's case in this regard. *Foote* v. *Foote, 71 N. J. Eq. 273, 280.*

The defendant told the witness Ruth Houston that she would never live with her husband again. The witness Emil Manitz testified that the defendant told him not to call her Mrs. McCauley, to call her Hilda, that she went under the name of Hilda Thomas; that she did not live with her husband and would not; that he was crazy to have her go back, but she would not do it; that she told him at least half a dozen times that she would not live with him. She twice made similar statements to the witness Agnes Smith.

The defendant, under subpœna, testified that she left her husband on November 22d, 1914, and had refused to live with him since; that he had asked her to go back, but she said that under no conditions would she take him back. Her sister, Stella Schofield, said she did all she could asking her sister to go back and live with her husband and that she refused. It is true that she said that the defendant stated that her husband had threatened to kill her and treated her badly; but there is no proof in the case that the petitioner drove his wife from him by extreme cruelty, and guilt of a matrimonial offence on his part alone would justify her in leaving him. *Suydam* v. *Suydam, 79 N. J. Eq. 144; Rogers* v. *Rogers, 81 N. J. Eq. 479.*

The master reports that there is no doubt in his mind that both petitioner and defendant are extremely anxious to be divorced. This may be true, but in and of itself this is not objectionable, because it does not amount to collusion. *Drayton* v. *Drayton, 54 N. J. Eq. 298.*

Upon the whole case, I am constrained to the conclusion that the defendant willfully, continually and obstinately deserted the petitioner for the statutory period, and he is entitled to a divorce. A decree *nisi* will be entered.